| |
|---|
| **USDC SDNY** |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| **DOC #:**_____ |
| **DATE FILED:** October 14, 2020 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVELINA CALCANO, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED,

                           Plaintiff,

            v.

SUPERME, LLC,

                       Defendants.

**STIPULATED
PROTECTIVE ORDER**

Civil Action No.

2:20-cv-6440 (LTS/SN)

Pursuant to FED. R. CIV. P. 26(c), and the stipulation and agreement of the parties to this action, by and through their respective counsel of record,

IT IS HEREBY ORDERED, that if, during the course of this action, any named party to this action (individually, "Party," or collectively, "Parties") has the occasion to disclose information deemed by such Party to constitute confidential information of the type contemplated by FED. R. CIV. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

1.      Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material, or portions thereof ("Material") provided by any Party to another Party during the pendency of this action may be designated and marked, in whole or in part, "Confidential," or "Confidential – Attorneys' Eyes Only," by counsel for the Party producing such Material at the time of its production. The producing Party should apply such designations only where the producing Party has a good faith belief that the designated Material contains confidential commercial information that would put the producing Party at a competitive disadvantage if the information became known to third parties. Third parties who produce or disclose Material in this action may also so designate,

1

and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2.     The recipient of Material marked as "Confidential" may share such Material, without the prior written consent of each Party who produced the applicable Material or further order of this Court, only with the following qualified persons:

a.     the Court, its staff, and any certified stenographic reporter or persons assisting such reporter in the taking, transcription, recording, or other handling of any deposition or trial transcript or recording;

b.     outside counsel for the Parties, including counsel of record, as well as their respective paralegals, other employees, vendors, and independent contractors assisting such counsel in this action;

c.     in-house counsel of each Party, having responsibility for providing oversight of, or assistance in, this action, including their respective paralegals, vendors, and independent contractors assisting such counsel in this action;

d.     court-appointed mediators engaged in facilitating settlement discussions under the Local Rules of this Court, including their respective employees, vendors, and independent contractors assisting such mediators in the mediation of this action;

e.     officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for the purposes of assisting in this action;

f.     persons specially retained by the Parties as experts, investigators, or consultants to assist in the preparation of this action for trial who are *bona fide* experts in the fields relevant to the subject matter of this action, except that any such person may be shown information and documents designated under this Order only to the extent necessary

FG:10810927.1

to render such expert assistance, and only after signing the written Assurance of Confidentiality attached hereto as **Exhibit A**; and

g.    any other person whom the Parties jointly agree, in writing, to designate.

3.    The Parties recognize that there may be certain sensitive confidential, financial, business, and/or proprietary Material, the disclosure of which to certain categories of persons designated in Paragraph 2, *supra*, may compromise and/or jeopardize the disclosing Party's interests. Such Material may be marked "Confidential – Attorneys' Eyes Only," and shall only be disclosed to the persons identified in (a), (b), (c), (d), (f), and (g) in Paragraph 2, *supra*, and for those persons identified in (f) and (g), they must first sign the written Assurance of Confidentiality attached hereto as **Exhibit A**. Every signed Assurance of Confidentiality required to be obtained under this Order shall be maintained by outside counsel of record for the Party obtaining it, and shall be made available, upon request, for inspection by this Court *in camera*.

4.    The attorneys of record for a Party who wishes to disclose Material designated "Confidential," or "Confidential – Attorneys' Eyes Only," to persons other than those qualified to receive such Material under Paragraph 2 or 3, *supra*, shall notify the attorneys of record for the other Party. The attorneys shall discuss in good faith whether disclosure can be made. If the attorneys cannot agree, then the Party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. Pending a ruling by the Court, no disclosure of the Material to persons, other than those qualified to receive the Material under Paragraph 2 or 3, *supra*, shall be made.

5.    Material designated "Confidential," or "Confidential – Attorneys' Eyes Only," shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such

3

Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, also shall be deemed "Confidential," or "Confidential – Attorneys' Eyes Only," in keeping with the producing Party's designation, and the same terms regarding confidentiality of the originals shall apply to these materials. Material designated "Confidential," or "Confidential – Attorneys' Eyes Only," shall be used only for purposes directly related to this action. Nothing herein shall limit the right of a producing Party to use Material it has disclosed as it sees fit. Further, nothing herein shall limit the right of a receiving Party from showing information designated by the producing Party as "Confidential," or "Confidential – Attorneys' Eyes Only," to the producing Party's witness during deposition or trial.

6.      Nothing herein shall be deemed to limit, prejudice, or waive any right of any Party to contest, at any time, any claim of confidentiality made by another Party pursuant to this Order with respect to any Material in the action. If a receiving Party disagrees with the designation of any Material as "Confidential," or "Confidential – Attorneys' Eyes Only," then the Parties first shall try to resolve their dispute on an informal basis. If an agreement between counsel cannot be reached, then the Parties' dispute shall be presented to the Court for resolution.

7.      The subject matter of all depositions given in connection with this action, and the original and all copies of the transcripts and recordings of any such depositions, shall be deemed to be "Confidential – Attorneys' Eyes Only," for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, "Confidential," or "Confidential – Attorneys' Eyes Only," by counsel for the disclosing Party, and the portions of the transcript of the deposition so marked (and any recordings of those portions of the deposition) shall

FG:10810927.1

be subject to the provisions of this Order.  Such designation may be made by any of the following means:

     a.     stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is "Confidential," or "Confidential – Attorneys' Eyes Only," in which case the court reporter shall mark each page so designated accordingly; or

     b.     sending written notice to all other Parties, designating, by page and line, the portions of the transcript to be treated as "Confidential," or "Confidential – Attorneys' Eyes Only," whereupon the Parties shall attach a copy of the written designation to the face of the transcript, and each copy thereof, in the Party's possession, custody, or control.

8.     When Material marked "Confidential," or "Confidential – Attorneys' Eyes Only," likely will be presented, quoted, or referenced during any hearing, trial, or other court proceeding, any Party claiming confidentiality shall have the right to make arrangements, or, where appropriate, request the Court to ensure that only the persons who are permitted to access the Material in accordance with Paragraph 2 or 3, *supra*, are present.

9.     If, at any time prior to the trial of this action, a producing Party realizes that some portion(s) of the Material that the Party previously produced should be designated as "Confidential," or "Confidential – Attorneys' Eyes Only," then the Party may so designate by so advising all Parties in writing, and such designated portion(s) of the Material will thereafter be treated as designated.  Any disclosures of Material made before such designation as "Confidential," or "Confidential – Attorneys' Eyes Only," shall not be deemed a violation of this Order, but the receiving Party shall make reasonable efforts to retrieve such Material from any persons (other than those qualified to receive the Materials under Paragraph 2 or 3, *supra*) to whom

5

the receiving Party disclosed such Material before such designation. If, at any time, a producing Party realizes that Material previously designated "Confidential," or "Confidential – Attorneys' Eyes Only," should not have been so designated or no longer qualifies for such designation, then the Party promptly shall inform counsel for the non-producing Party and shall produce copies of the Material without such designation.

10.     Prior to filing any pleadings, responses to requests for discovery, motions, or other documents with the Court that contain, summarize, excerpt, or otherwise embody any Material designated as "Confidential," or "Confidential – Attorneys' Eyes Only," the information shall be designated appropriately under this Order, and the filing Party shall seek leave to file the designated information under seal or in redacted form in accordance with N.D.N.Y. L.R. 83.13, and, upon permission, file the documents under seal or in redacted form. If the Court requests additional support in response to any request for leave to file under seal, then the Party that designated the Material as "Confidential," or "Confidential – Attorneys' Eyes Only," shall bear the burden of supporting such designation to the Court.

11.     If a Party determines that it inadvertently has disclosed information that it believes is privileged, entitled to work product protection, or otherwise immune from discovery ("Privilege"), then the Party shall notify, in writing, the receiving Party of the claim of Privilege, set forth the basis for the claim, and request that the item(s) containing the information be returned or destroyed. If the Party learns of the inadvertent disclosure during a deposition or court proceeding, then the Party may notify the receiving Party orally on the record during the relevant proceeding. If such a request is made, then no Party shall thereafter assert waiver of Privilege with respect to the information as a result of the inadvertent disclosure. If the receiving Party contends that the information is not entitled to Privilege in the first instance, then the receiving Party retains

6

the right to challenge a claim of Privilege. Regardless of whether it agrees with or contests the other Party's claim of Privilege, the receiving Party will return or destroy the inadvertently produced Material, and all copies and derivations thereof, within 5 business days of receipt of a written request for return of the Material.

12.    Nothing contained herein shall preclude any Party from presenting a motion to the Court for a separate or different protective order as to any particular Material, including restrictions differing from those specified in this Order.

13.    The Parties will make best efforts not to designate as "Confidential," or "Confidential – Attorneys' Eyes Only," any Material consisting solely of publicly available information.

14.    If a Party is served with a subpoena, request for production, or other form of discovery request in connection with other litigation or a matter other than this action that would require disclosure of any Material designated in this action by another Party as "Confidential," or "Confidential – Attorneys' Eyes Only," then such Party shall notify the other Party as soon as reasonably possible. If the designating Party objects to the production of such Material, then the Party served with the subpoena, request for production, or other form of discovery request shall not produce any such Material absent an order by the applicable tribunal.

15.    Within 45 days after the conclusion of this action, all Parties and their respective counsel shall destroy or return all Material designated "Confidential," or "Confidential – Attorneys' Eyes Only;" provided, however, that outside counsel of record may retain for their files copies of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product. Conclusion of this action shall mean when a final, non-appealable judgment is entered or a final settlement is reached. Within 60 days of the conclusion

of this action, the Party returning or destroying Material under this Paragraph shall provide written notice to the producing Party attesting to the return or destruction of all designated Material.

16.     All provisions of this Order and all restrictions relating to the disclosure or use of any Material marked "Confidential," or "Confidential – Attorneys' Eyes Only," shall continue to be binding, even after the conclusion of this action.

17.     The Parties agree that, after the conclusion of this action, any dispute arising from this Order and any application for direction, order, or further decree as may be appropriate for the construction, modification, enforcement, or compliance herewith, or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Order, shall be directed to this Court, or, if the Court determines that jurisdiction is lacking, then to a court of competent jurisdiction within the State of New York.

The Court interprets Paragraph 10 to require that any party that seeks to file a confidential document under seal must first seek leave of the Court to do so. The Protective Order is approved by the Court.
**SO ORDERED.**

Dated: October 14, 2020
      New York, New York

SARAH NETBURN
United States Magistrate Judge

FG:10810927.1

**IT IS SO STIPULATED:**

Dated: October 5, 2020

GOOTLIEB & ASSOCIATES

By: _____
Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 228-9795
Fax: (212) 982-6284
Email: danalgottlieb@aol.com
Email: Jeffrey@gottlieb.legal

*Attorneys for Plaintiff*

Dated: October 5, 2020

FOSTER GARVEY P.C.

By: _____
Andrew J. Goodman (AG-3406)
David R. West, *pro hac vice*
100 Wall Street, 20th Floor
New York, NY 10005
Email: Andrew.goodman@foster.com
Email: david.west@foster.com
Telephone: (212) 965-4534

*Attorneys for Defendant SuperMe, LLC*

9

FG:10810927.1

## EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EVELINA CALCANO, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED,

                  Plaintiff,

               v.

SUPERME, LLC,

                  Defendant.

**ASSURANCE OF
CONFIDENTIALITY**

Civil Action No.

20-cv-06440 (LTS/SN)

I, _____, acknowledge that I have read and that I understand the Stipulated Protective Order in this action governing the non-disclosure of Material that has been designated as "Confidential," or "Confidential – Attorneys' Eyes Only."  I agree that I will not disclose such Material to anyone other than as permitted by the Stipulated Protective Order, and that at the conclusion of this action, I will return all disclosed Material to the Party or attorney from whom I received it.  By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of the Stipulated Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____